[Cite as *McWhirter v. McWhirter*, 2023-Ohio-1066.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

CHRISTIAN A. MCWHIRTER,

Plaintiff-Appellee,

v.

DANIELLE D. MCWHIRTER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 JE 0007**

---

Civil Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 20 DR 282

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Kristopher M. Haute*, 2021 Sunset Boulevard, Steubenville, Ohio 43952, for Plaintiff-Appellee and

*Atty. Marian D. Davidson,* 119 Harrison Street, Lisbon, Ohio 44432, for Defendant-Appellant.

Dated: March 30, 2023

**HANNI, J.**

{¶1} Defendant-Appellant, Danielle D. McWhirter, appeals from a Jefferson County Common Pleas Court judgment adopting a separation agreement between her and Plaintiff-Appellee, Christian McWhirter.

{¶2} The parties were married on June 17, 2007. They have three minor children.

{¶3} Appellee filed a complaint for divorce on October 20, 2020. The court issued temporary orders. The matter was set for a final evidentiary hearing before a magistrate on March 9, 2022.

{¶4} On the day of the hearing, Appellant appeared with counsel, as did Appellee. The magistrate reprimanded Appellant for bringing her infant son to court. The magistrate then listened as counsel put the terms of a separation agreement into the record. Appellant voiced some concern over the appraisal of the marital home and indicated she may have known someone who was willing to purchase the house for her. She also explained that she had been under a lot of stress caused by the father of her infant son. The parties both signed the separation agreement.

{¶5} At the conclusion of the hearing, the magistrate issued a decision adopting the separation agreement. At the end of the decision, the magistrate's bailiff typed, "The Parties agree to waive the 14 day objection period." The trial court issued the divorce decree, adopting the separation agreement, the same day.

{¶6} Appellant filed a timely notice of appeal on April 11, 2022. She now raises a single assignment of error for our review.

{¶7} Appellant's sole assignment of error states:

THE COURT ERRED AND ABUSED ITS DISCRETION BY ADOPTING A SEPARATION AGREEMENT AND ENTERING A MAGISTRATE'S DECISION WHILE DEFENDANT/APPELLANT WAS UNDER EXTREME DURESS AS A RESULT OF BOTH THE COURT'S AND APPELLANT'S TRIAL COUNSEL'S CONDUCT.

**{¶8}** Appellant argues both the magistrate and her own counsel intimidated her and pressured her into signing the separation agreement under duress. She takes issue with the magistrate chastising her for bringing her infant son to court. She claims her counsel put words into her mouth and confused and distracted her. And she asserts the magistrate erred when he added language to his decision stating that the parties waived their 14-day objection period.

**{¶9}** This court reviews a trial court's decision to adopt, reject, or modify a magistrate's decision for an abuse of discretion. *Bank of America, N.A. v. Miller*, 7th Dist. Mahoning No. 13 MA 119, 2015-Ohio-2325, ¶ 25, citing *Long v. Noah's Lost Ark, Inc.*, 158 Ohio App.3d 206, 2004-Ohio-4155, 814 N.E.2d 555, ¶ 17 (7th Dist.). An abuse of discretion connotes an attitude that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶10}** Pursuant to Civ.R. 53(E)(3), a party may file written objections to a magistrate's decision within 14 days of the filing of that decision. The trial court may adopt a magistrate's decision, and enter judgment, without waiting for timely objections by the parties, but the filing of timely written objections operates as an automatic stay of execution of that judgment until the court disposes of the objections and vacates, modifies, or agrees with the judgment it previously entered. Civ.R. 53(E)(4)(c).

**{¶11}** Even if both parties submit an agreed magistrate's decision, which is then adopted by the magistrate, the parties still have 14 days within which to file objections to that decision. *Kontir v. Kontir*, 2d Dist. Champaign No. 2003-CA-12, 2003-Ohio-4845, ¶ 12. The parties may still raise certain objections, such as the entry is contrary to law or the entry does not reflect the actual agreement of the parties due to a clerical error. *Id.* A timely objection would give the trial court an opportunity to cure any error. *Id.*

**{¶12}** We can glean from the record that Appellant objected at the hearing to the language that she was waiving the 14-day objection period. This language was not originally included in the magistrate's decision but was typed in later by the bailiff at the magistrate's instruction after both counsel agreed to it. (Tr. 44).

**{¶13}** At the end of the hearing, the magistrate instructed the bailiff to add a line to the decision stating that the parties waived the 14-day right to object. (Tr. 44). The following colloquy then took place:

THE COURT: We're just going to add another paragraph specifying the parties have waived the fourteen-day right to object and so forth.

(Baby crying.)

MS. McWHIRTER: (Inaudible.)

THE COURT: That way the Judge can sign the file entry immediately.

MR. LACICH: It's just a - - it's a procedural thing as far as waiving objections.

MS. McWHIRTER: Well, it takes away my right to (inaudible)? Is that what that is?

MR. LACICH: Yeah, that is the Court - - the Court's interpretation of that is (inaudible).

(Baby crying.)

(Inaudible cross-talk.)

MR. LACICH: You've agreed to this now. Changing your mind (inaudible).

(Baby crying.)

MR. LACICH: That doesn't mean the Judge would agree that you could change your mind.

MS. McWHIRTER: Yeah.

(Cross-talk.)

MS. McWHIRTER: (Inaudible) off the stand, you said.

(Tr. 44-45).

{¶14} As the above colloquy indicates, Appellant had an objection as to the waiver of the 14-day objection period. She then had a discussion with the magistrate and her attorney. Appellant was concerned with giving up her right to object. Her attorney then told her she had already agreed to the waiver. Appellant then acquiesced to her attorney's admonishment.

{¶15} Given the facts at the hearing, the magistrate acted unreasonably by inserting the waiver of objections language into the parties' separation agreement. Accordingly, Appellant's assignment of error has merit in this regard.

Case No. 22 JE 0007

{¶16} Based on this determination, the remaining argument in Appellant's assignment of error is moot.

{¶17} For the reasons stated above, the trial court's judgment is reversed and the matter is remanded on the limited basis to allow Appellant 14 days to raise objections to the magistrate's decision. The objections, however, are limited to those that can be raised when a magistrate's decision incorporates a separation agreement between the parties.


Robb, J., concurs.

D'Apolito, P.J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is reversed. We hereby remand this matter on the limited basis to allow Appellant 14 days to raise objections to the magistrate's decision. The objections are limited to those that can be raised when a magistrate's decision incorporates a separation agreement between the parties. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**